[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO VACATE ARBITRATION
CT Page 8294
This case is before the court on plaintiff's Motion to Vacate an arbitration award rendered on October 14, 1993. The facts reveal that, on February 13, 1989, Thomas Gallagher was a passenger in a motor vehicle owned by him and operated by his daughter Allison. Said vehicle became involved in a two car collision, as a result of which, Thomas Gallagher was thrown from the vehicle, suffering severe injuries resulting in his death. At the time of the accident, the policy issued to Mr. Gallagher by the respondent provided uninsured/underinsured motorist coverage in the amount of $300,000 per accident on each of three listed vehicles, which, with stacking, provided $900,000 in uninsured/underinsured coverage. At the time of hearing the parties agreed that all available liability coverage had been exhausted, including $300,000 paid by the respondent to the Estate of Thomas Gallagher as a result of daughter Allison's negligent operation of her father's car. The net recovery to the estate, including coverage available from the underinsured co-tortfeasor, was $265,000. The parties stipulated that the value of decedent's claim exceeded $265,000. Therefore, the sole issue submitted to the arbitrators was whether the respondent's police provided underinsured motorist coverage to the decedent at the time of the accident. The arbitrator's decided to the contrary, hence the plaintiff's appeal to this court.
The arbitrators based their decision on that portion of the covenant policy, Part C, entitled "Uninsured Motorist Coverage" which stated in pertinent part:
 "However, an uninsured motor vehicle does not include any vehicle or equipment:
 1. Owned by or furnished or available for the regular use of you or any family member."
If this definitional exclusion is valid, then the vehicle owned by Thomas Gallagher would clearly be excluded from uninsured motorist coverage.
The plaintiff argues that the provision of the policy set forth above is against public policy, not permitted by statute, nor permitted by regulations. She cites Connecticut General Statutes § 38a-336(a)(1), which provides, in pertinent part: CT Page 8295
 "Each automobile liability insurance policy shall provide insurance, herein called uninsured motorist coverage . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles. . . ."
Furthermore, Connecticut State Regulation 38a-334-6(a) provides:
 "(a) Coverage. The insurer shall undertake to pay on behalf of the insured all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured caused by an accident involving the uninsured motor vehicle. This coverage shall insure the occupants of every motor vehicle to which the bodily injury liability coverage applies." (Emphasis added).
Plaintiff concludes, therefore, that the public policy of this state requires that a person insured under the liability coverage of the policy must also be an insured under the uninsured motorist coverage of the policy. Since the respondent carrier paid its entire liability coverage to the estate on its claim, the estate of the owner-passenger would therefore be an insured under the underinsured motorist coverage of the respondent's policy.
The arbitrators have relied on Lowery v. Valley ForgeInsurance Co., 224 Conn. 152 (1992) to uphold the policy language excluding a vehicle owned by the named insured from its uninsured motorist coverage. There the Supreme Court faced an identical issue. "[T]he validity of a policy exclusion from underinsured motorists coverage of a motor vehicle that is owned by, or furnished or available for the regular use of, the named insured."Lowery, supra, 153. The Lowery court cited §§ 38-175a-6 of the Regulations of Conn. State Agencies which provides in pertinent part:
 "(c) Exclusion. The insurer's obligation to pay may be made inapplicable:
(2) if the uninsured motor vehicle is owned by
(A) the named insured or any relative CT Page 8296 who is a resident of the same household or is furnished for the regular use of any of the foregoing."
Applying its oft-repeated holding that "an insurer may not, by contract, reduce its liability for such uninsured or underinsured motorist coverage except as § 38-175a-6 expressly authorizes, theLowery court finds the requisite authorization and upholds the policy exclusion.
Plaintiff's main thrust is the argument that the above regulation relieves the insurer's obligation to pay only when (1) the motor vehicle is owned by the insured, and (2) is uninsured. Since the Gallagher vehicle was insured, plaintiff argues that the regulation is inapplicable to the instant case and the respondent insurer is not relieved of its liability to pay. This court disagrees, as "the regulations which apply to uninsured motorist coverage must equally apply to underinsured motorist coverage."Nationwide Ins. Co. v. Gode, 187 Conn. 386, 399-400 (1982). Throughout the maturity of underinsured motorist claims through the past 20 years or more, insurers have stuck to their original policy nomenclature by including both uninsured and underinsured coverage. Under the heading of "Uninsured Motorist Coverage". The terms in both policy and regulation have been used interchangeably to describe coverage available to an injured party who obtained such coverage by contract to protect himself or herself from the inadequate liability coverage of the tortfeasor.
In the usual situation, uninsured motorist coverage comes into play when the insured is injured due to the fault of a third party tortfeasor with no or inadequate liability coverage. After exhaustion of the tortfeasor's available liability coverage, the insured then claims against his own policy's uninsured motorist coverage. In the instant case, the "insured", i.e., the estate, has claimed against its own liability coverage and collected $215,000. This amount resulted from the decedent's purchasing only $300,000 in liability coverage. Now the decedent's estate seeks to collect on the underinsured coverage available on the decedent's policy and claims that right as an "insured" under the policy. The policy, however, has a definitional exclusion that denies such coverage when the uninsured or underinsured vehicle is owned by or furnished for the regular use of the policyholder or a member of his family. CT Page 8297
Plaintiff in his Memorandum of Law cites the following language from Middlesex Ins. Co. v. Quinn, 225 Conn. 257, 267
(1993):
 "The public policy behind uninsured motorist coverage, therefore, requires an insurer to provide uninsured motorist benefits to any insured under the automobile liability policy. `Once an automobile liability policy is issued extending [liability] coverage to a certain class of insureds . . . uninsured motorist coverage must be offered to cover the same class of insureds.'"
The public policy is not violated, however, when such coverage is expressly excluded by statute or regulation. Quinn, supra, 267, citing Streitweiser v. Middlesex Mutual Assurance Co., 219 Conn. 371,377, 593 A.2d 498 (1991). The Lowery court found such coverage exclusion authorization in § 38-175a-6. The exclusionary language in Lowery in this court's opinion is almost identical to the policy language here. Therefore, this court believes that the decision of the arbitrators was appropriate under the law.
Plaintiff's Motion to Vacate the arbitration award of October 14, 1993 is hereby denied.
Skolnick, J.