JOYCE STEWART *v.* MIDDLESEX INSURANCE COMPANY
(12968)

DUPONT, C. J., and SPEAR and HENNESSY, Js.

Argued February 9—decision released June 13, 1995

*Robert G. Golger,* for the appellant (plaintiff).
*Alan S. Tobin,* for the appellee (defendant).

SPEAR, J. The plaintiff appeals from a judgment vacating an arbitrator's award in her favor. She claims that the trial court improperly found that she was not an insured under the underinsured motorist provisions of her father's automobile policy. We affirm the judgment of the trial court.

The following facts are undisputed. In 1984, the plaintiff purchased a 1982 Pontiac Firebird automobile that was subsequently damaged in an accident in the summer of 1986. Although the registration remained in force, the plaintiff did not drive the car after the 1986 accident. The plaintiff's insurance coverage on the Firebird lapsed in February, 1987. At all times relevant to this appeal, the plaintiff was a resident of her father's household.

On June 29, 1987, the plaintiff was a passenger in an automobile that was owned and operated by Daniel Scinto. While the automobile was in operation, the passenger door opened and the plaintiff fell out of the car, sustaining serious injuries. Scinto's insurance carrier paid the plaintiff the policy limit of $20,000 for her injuries.

The plaintiff sought underinsured motorist benefits pursuant to her father's policy with the defendant insurer. The policy provides in its definition section: "You, Your; means the person named on the declarations page . . . . It also means a member of the family who is a resident of the household and *who doesn't own*

*a car . . . ."* (Emphasis added.) The underinsured motorist provision states that the insurer will pay damages "because of bodily injury you suffer . . . as a result of having been struck by an uninsured motor vehicle."

After a full hearing, a panel of arbitrators found that the plaintiff was entitled to coverage under her father's underinsured motorist policy. The panel, with one arbitrator dissenting, awarded the plaintiff the sum of $225,000.

The defendant filed a motion in the Superior Court to vacate the award, and the plaintiff filed a motion to confirm. The trial court granted the motion to vacate holding: "The policy excludes from coverage a resident relative who owns a car which is licensed for use on public roads. Consequently, the claimant is not entitled to [under]insured motorist benefits under the parents' policy. See *Middlesex Ins. Co.* v. *Quinn,* 225 Conn. 257, 622 A.2d 572 (1993)." This appeal ensued.

In *Middlesex Ins. Co.* v. *Quinn,* supra, 225 Conn. 257, our Supreme Court held that a clause in an underinsured motorist policy that defined an insured as a resident family member who does not own a car was not violative of public policy. The clause at issue here is identical to the clause that the Supreme Court considered in *Middlesex Ins. Co.* v. *Quinn,* supra, 257.

The plaintiff does not contest the holding of *Middlesex,* but rather asserts that it does not control because it is distinguishable. She asserts that in *Middlesex* the claimant was injured while operating a car that was owned and insured by him, whereas in this case the plaintiff, who had no automobile insurance on her inoperable vehicle, was injured while a passenger in a car whose owner was underinsured. She also asserts that the fear of the *Middlesex* court that allowing the claim would have meant an unwarranted expansion of

stacking is not a factor here where the plaintiff has no coverage to stack, and that ownership of an inoperable vehicle is not the type of ownership that the court in *Middlesex* considered in holding that coverage was precluded under the policy in question.

The plaintiff's first two arguments attempting to distinguish *Middlesex* are misplaced because the narrow issue posed in this appeal is simply whether she is an insured person under the policy. If she is not, that answer is dispositive of those arguments. *Middlesex* settled the question of whether an insurer may properly define insured to preclude a resident family member who owns a car. "The . . . policy provides coverage when the claimant is (1) a family member (2) who is a household resident and (3) who does not own a car. At the time of the collision, the [claimant] was a family member and a household resident, but, because he owned a car, coverage did not extend to him." *Middlesex Ins. Co. v. Quinn*, 27 Conn. App. 573, 580, 609 A.2d 1008 (1992), aff'd, 225 Conn. 257, 622 A.2d 572 (1993). That is precisely the situation in this case. The plaintiff cannot prevail because by policy definition she is not an insured person. Therefore, the factual distinctions that she draws are irrelevant.

The plaintiff's last claim asks us to interpret the word "car" in the insurance policy to mean "operable car." Principles of contract interpretation prohibit us from doing so.

"[T]he rule in Connecticut is that an insurance policy, like any other contract, must be given a reasonable interpretation and the words used are to be given their common, ordinary and customary meaning. . . . The general rules of contract construction, therefore, apply when construing the terms of an insurance policy." (Citations omitted; internal quotation marks omitted.) *Aetna Casualty & Surety Co. v. CNA Ins. Co.*, 221

Conn. 779, 786, 606 A.2d 990 (1992); see also *Gottesman* v. *Aetna Ins. Co.*, 177 Conn. 631, 634, 418 A.2d 944 (1979). "When the intention conveyed by the terms of an agreement is clear and unambiguous, there is no room for construction. . . . [A] court cannot import into [an] agreement a different provision nor can the construction of the agreement be changed to vary the express limitations of its terms." (Citation omitted; internal quotation marks omitted.) *Levine* v. *Massey,* 232 Conn. 272, 278, 654 A.2d 737 (1995); see also *Bank of Boston Connecticut* v. *Schlesinger*, 220 Conn. 152, 159, 595 A.2d 872 (1991).

To interpret the contract as the plaintiff urges would change its clear and unambiguous language. Nothing in the language of the contract suggests that whether a resident relative is an insured turns on whether a car owned by that relative was operable at the time of the incident that gave rise to the claim. We conclude that the word car in the uninsured motorist clause of the policy has its common, ordinary meaning unfettered by the notion of operability asserted by the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.