[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re: Defendant Geico's Motion for SummaryJudgment and Plaintiff's Cross Motion for Summary Judgment
On September 29, 1995, the plaintiff, Joel Peterzell filed a two count complaint against the defendants, General Insurance Company of America (Safeco) and Government Employees Insurance Company (GEICO), seeking compensation, pursuant to his father's underinsured motorist insurance, for the injuries the plaintiff suffered when an underinsured motorist struck the car he was operating.
On December 22, 1995, Safeco filed its answer and four special defenses. On January 5, 1996, GEICO filed its answer and four special defenses. The plaintiff filed, on January 10, 1996, a denial of Safeco's four special defenses, and on January 19, 1996, a denial of GEICO's four special defenses. CT Page 5088
On January 5, 1996, GEICO filed a motion for summary judgment "on its first special defense" on the ground that GEICO does not provide underinsured motorist coverage to the plaintiff. With the motion, GEICO filed a memorandum and supporting documents.
On February 15, 1996, the plaintiff filed a cross motion for summary judgment "upon the Defendant, GEICO's, First Special Defense" on the ground that GEICO's insurance policy provides the plaintiff with underinsured motorist coverage.[1] With the cross motion, the plaintiff filed a memorandum in support.
On February 15, 1996, the plaintiff and GEICO filed a stipulation of facts. The parties stipulated to the following facts. First, the plaintiff, Joel Peterzell, is Victor Peterzell's son. Second, on December 18, 1991, the plaintiff was attending the University of Bridgeport School of Law. Third, on December 18, 1991, the plaintiff resided at his father's home in Florida. Fourth, on December 18, 1991, the plaintiff domiciled in Milford, Connecticut. Fifth, the substantive law of the state of Connecticut applies to this case. Sixth, on December 18, 1991, Victor Peterzell held an automobile insurance policy with GEICO. Seventh, on December 18, 1991, Victor Peterzell held an automobile insurance policy with Safeco. Eighth, on December 18, 1991, the plaintiff, while driving a 1991 Chevrolet Caprice owned by Victor Peterzell, was involved in a motor vehicle collision whereby he suffered personal injuries. Ninth, Safeco insured the 1991 Chevrolet Caprice. Tenth, the GEICO policy did not cover the 1991 Chevrolet Caprice. Eleventh, the GEICO policy contained uninsured motorist coverage. Twelfth, the liability portion of the GEICO policy did not cover the plaintiff. Thirteenth, the plaintiff does fall within the definition of insureds contained within the uninsured motorist provisions of the GEICO policy. Fourteenth, the plaintiff has exhausted the limits of the third-party tortfeasor's policy. Fifteenth, if the GEICO policy provides coverage to the plaintiff, this coverage exceeds the coverage provided to the plaintiff under the Safeco policy. Last, the third party tortfeasor's automobile constitutes an underinsured automobile.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view CT Page 5089 the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. . . . Mere assertions of fact . . . are insufficient to establish the existence of a material fact, and therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; citations omitted; internal quotation marks omitted.) Home Ins. Co. v.Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001
(1995).
GEICO moves for summary judgment on the ground "that the insurance policy it issued to Victor Peterzell, the plaintiff's father, does not provide liability coverage to the plaintiff and thus does not provide underinsured motorist coverage to the plaintiff." GEICO argues, pursuant to General Statutes §38a-336(a)(1) and § 38-175a-6 of the Regulations of Connecticut State Agencies[2], that "each automobile policy must provide underinsured motorist coverage for those persons listed in the liability section of the policy." Further, GEICO, citingMiddlesex Insurance Company v. Quinn, 225 Conn. 257, 268,622 A.2d 572 (1993), argues that the Connecticut legislature intended to provide that every insured, within the definition of that term in the liability section of the policy, is entitled to recover underinsured motorist benefits for the damages he or she would have been able to recover if the uninsured tortfeasing motorist had maintained a policy of liability insurance.
Additionally, GEICO argues that the plaintiff's father purchased $300,000 worth of uninsured/underinsured motorist coverage from the co-defendant Safeco. GEICO argues that "the plaintiff['s father] contracted for and paid a premium for underinsured motorist coverage with General Insurance Company of America, Inc. [Safeco] and such coverage is primary as he [the plaintiff] was operating the vehicle insured by General Insurance Company of America, Inc. [Safeco] at the time of the accident. . . . `Obviously, GEICO . . . did not intend to contract with the plaintiff's father to provide liability coverage on automobiles in the Peterzell household for which no premium had been paid, and the company unambiguously has made CT Page 5090 that intent part of the insurance contract.'" (GEICO's Memorandum of Law in Support of Its Motion for Summary Judgment, pp. 15-16.) Therefore, GEICO states that the court should limit the plaintiff to the Safeco coverage his father purchased for the vehicle the plaintiff operated at the time of the accident. Accordingly, GEICO requests that the court enter summary judgment in its favor "on its special defense."
In response, the plaintiff filed a cross motion for summary judgment on the ground that, "as a matter of law, the Defendant, pursuant to its policy of insurance, has provided the Plaintiff with underinsured motorist coverage." Specifically, the plaintiff argues that "[p]ursuant to Section IV of the GEICO policy, uninsured motorist benefits are provided for `bodily injury caused by accident which the insured is legally entitled to recover from the owner or operator of an uninsured auto arising out of the ownership, maintenance or use of that auto.'" (Plaintiff's Cross Motion for Summary Judgment, p. 2.)
Further, the plaintiff argues that General Statutes §38a-336(a)(1) and § 38a-334-6 of the Regulations of Connecticut State Agencies do not preclude coverage to the plaintiff. The plaintiff argues that "[t]he statute and regulation merely set the minimum requirements of coverage to be afforded. More simply stated, an insured cannot fail to provide uninsured motorist coverage to one who is covered under the liability coverage. However, the parties remain free to contract for uninsured motorist coverage where liability coverage is not provided." (Plaintiff's Cross Motion for Summary Judgment. p. 4.) Therefore, the plaintiffs argue that because "the GEICO policy fails to exclude uninsured motorist coverage to an insured for which liability coverage is not available and there is no statutory or regulatory provision precluding such coverage, the [p]laintiff is entitled to the coverage." (Plaintiff's Cross Motion for Summary Judgment. p. 5.) Accordingly, the plaintiff requests that the court enter summary judgment in his favor.
General Statutes § 38a-334(a)(1) provides, in relevant part, the "insurance commissioner shall adopt regulations with respect to minimum provisions to be included in automobile liability insurance policies. . . . Such regulations shall relate to the insuring agreements, exclusions, conditions and other terms applicable to the bodily injury liability, property damage liability, medical payments and uninsured motorists coverages under such policies [and] shall make mandatory the inclusion of CT Page 5091 bodily injury liability, property damage liability and uninsured motorist coverages. . . ." Id. General Statutes §38a-336(a)(1) provides, in relevant part, that "[e]ach automobile liability insurance policy shall provide insurance, herein called uninsured and underinsured motorist coverage in accordance with the regulations adopted pursuant to section 38a-334 . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles and insured motor vehicles, the insurer of which becomes insolvent prior to payment of such damages, because of bodily injury including death resulting therefrom." (Emphasis added.) Id. In Middlesex Ins. Co.v. Quinn, supra, 225 Conn. 264, the court explained that "`persons insured' in this statute [General Statutes §38a-336(a)(1)] refers to persons specified as insureds in the liability portion of the policy."
Additionally, § 38a-334-6(a) of the Regulations of Connecticut State Agencies provides, regarding uninsured and underinsured motorist coverage, that the "insurer shall undertake to pay on behalf of the insured all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured caused by an accident involving the uninsured motor vehicle. This coverage shall insure the occupants of every motor vehicle to which the bodily injury liability coverage applies."
In the present case, the parties have stipulated that, on the day of the accident, the plaintiff's father held automobile insurance policies with both Safeco and GEICO. The Chevrolet Caprice that the plaintiff drove in the accident, was an insured vehicle under the Safeco policy, but was not a covered vehicle under the GEICO policy. Further, in Stipulation Twelve, the parties provided that "the liability portion of the GEICO policy did not cover the plaintiff."
As the court emphasized in Middlesex Ins. Co. v. Quinn,
supra, 225 Conn. 264, "persons insured" under General Statutes § 38a-336(a)(1) refers to persons specified as insureds in the liability portion of the policy. Further, § 38a-334-6(a) of the Regulations of Connecticut State Agencies, provides that underinsured coverage shall insure the occupants of every motor vehicle to which the bodily injury coverage applies." Therefore, because the liability portion of the GEICO policy did not cover CT Page 5092 the plaintiff, and "persons insured" under General Statutes §38a-336(a)(1)[3] refers to persons specified as insureds in the liability portion of the policy, GEICO does not provide uninsured and underinsured motorist coverage to the plaintiff. Accordingly, the court grants GEICO's motion for summary judgment, and denies the plaintiffs cross motion for summary judgment.
Hauser, J.