[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
Defendant moves for summary judgment as to the Second Count of a complaint in which plaintiff claims underinsured motorist coverage under a policy issued by the defendant to her father. Plaintiff claims this coverage relative to an accident which occurred while she was operating a motor vehicle owned and insured by herself under a separate policy issued by the defendant. Defendant denies the existence of coverage under the policy issued to the father based on a provision of the policy CT Page 5252-KKK which excludes an insured from coverage with respect to an accident involving a vehicle owned and insured by that party under a separate policy.
Defendant directs the court to Part VI, pg. 23, of the policy in question, relating to Uninsured/Underinsured Coverage under the sub-title If There Is Other Insurance, which includes the following language: "However, if the insured person was in, on, or getting into or out of a vehicle owned by that person which is insured for uninsured and underinsured motorist coverage, the only uninsured and underinsured motorist coverage available to the insured person will be that of the occupied vehicle." There is no dispute that the plaintiff was operating a vehicle owned by her and insured for uninsured and underinsured motorist coverage. Defendant argues further that our Supreme Court has recognized such a provision as consistent with regulations issued by the insurance commissioner and not violative of public policy, citing Middlesex Insurance Companyv. Quinn, 225 Conn. 257 (1993).
The issue in Middlesex concerned the validity of an insurer's exclusion from underinsured motorist coverage of a resident family member who owns his own car. In that case, however, the resident family member was clearly and unambiguously not an "insured" under the language of the policy. MiddlesexIns. Co. v. Quinn, supra, 225 Conn. 262. Citing Section 38a-36of the General Statutes and related insurance regulations, the Court stated, "Unlike the automobile liability statutes, the uninsured motorist statute does not require automobile insurance policies to provide underinsured motorist benefits to any particular class or group of insured. (Citations omitted.) . . . Rather, the statute requires that underinsured motorist coverage must be provided `for the protection of persons insured thereunder.' (Citations omitted.) Thus, `persons insured' in this statute refer to persons specified as insured in the liability portion of the policy. There would be no violation of public policy, therefore, unless the insurance policy specifically were to limit underinsured motorist coverage in such a way as `to [preclude] persons who would otherwise qualify as insured for liability purposes.' (Citations omitted.)" Id., 264.
In the case at bar there seems little dispute that the plaintiff was an "insured" under the policy of her father. As noted by plaintiff in its brief, definitions of "insured person" in both the liability and underinsured sections of the policy CT Page 5252-LLL could include the plaintiff as a resident relative. (The actual fact of residency was never established one way or the other for the purposes of this motion). Furthermore, plaintiff's allegation in Count II, par. 2, that a premium was paid to the defendant to add plaintiff to her father's policy was never addressed by the defendant in its motion and defendant appears to concede plaintiff's status as an "insured" in the language of its motion and memorandum.
Though defendant concedes in its memorandum that if liability cove age applies to the plaintiff so too would underinsured motorist coverage, it responds noting Part I, pg. 5, of the general provisions of the policy regarding liability coverage, which states, "Under these coverages, your policy protects an insured person from liability for damages on account of accidents arising out of the ownership, maintenance or use, loading or unloading of the auto we insure." Clearly, then, under this provision coverage depends on the vehicle one occupies at the time of the accident. Thus, defendant argues, the limitation imposed on the insured in the liability section of the policy would apply with equal force to the insured with respect to the uninsured/underinsured section of the policy. However, in Harvey v. Travelers Indemnity Co., 188 Conn. 245
(1982), our Supreme Court considered whether a "vehicle oriented" provision excluding uninsured motorist coverage was valid or void because the required uninsured motorist coverage is "person oriented." At page 250 the Court notes, "An insured's status at the time of the injury, whether passenger, pedestrian, or driver of an insured or uninsured vehicle, is irrelevant to recovery under the statutorily mandated coverage. (Citations omitted.) `The coverage is portable: The insured and family members . . . are insured no matter where they are injured. They are insured when injured in an owned vehicle named in the policy, in an owned vehicle not named in the policy, in an unowned vehicle, on a motorcycle, on a bicycle, . . .' Uninsured motorist statutes place no geographical limits on coverage and do not purport to the protection against uninsured motorists to occupancy of an insured vehicle. (Citations omitted.) Uninsured motorist protection is coverage for persons, not for vehicles. (Citations omitted.)." See also Middlesex Ins. Co, v.Quinn, supra, 225 Conn. 265.
Under the circumstances of this case, the plaintiff appears to be an "insured" under the liability section of her father's policy and, therefore, cannot be excluded from uninsured/underinsured CT Page 5252-MMM coverages. Furthermore, said coverages extend to the "insured" and not the vehicle she occupied at the time of the accident.
This court is not satisfied that judgment should enter for the defendant as a matter of law. Defendant's Motion For Summary Judgment is Denied.
FASANO, J.