[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This action arises from a two vehicle accident in which the plaintiff, Cynthia Pere, was injured by the alleged negligence of CT Page 7706 an underinsured driver. The plaintiff seeks uninsured and underinsured motorist coverage as a resident relative under her mother, Luz Helena Perez', insurance policy with the defendant Metropolitan Property Casualty Insurance Co. The plaintiff was operating her own vehicle at the time of the accident, which was not insured by the defendant.
The defendant moves for summary judgment on the ground that the plaintiff cannot make a valid claim for uninsured and underinsured motorist coverage as a resident relative since the plaintiff was operating her own vehicle at the time of the accident. The plaintiff argues that the language of the insurance policy does not exclude her from uninsured and underinsured motorist coverage.
The defendant correctly argues that, in Connecticut, under an insurance policy an insurer can exclude a resident relative from underinsured and uninsured motorist coverage where the resident relative operates her own vehicle. See Middlesex Ins. Co. v.Quinn, 225 Conn. 257, 265, 622 A.2d 572 (1993); Middlesex Ins. Co.v. Castellano, 225 Conn. 339, 347, 623 A.2d 55 (1993). In the present case, however, the insurance policy does not specifically contain such an exclusion. Section IV of the insurance policy provides uninsured and underinsured coverage to "insureds." Section VI of the policy defines an "insured" as the named insured and resident relatives who operate a "covered automobile." In relevant part, section VI of the insurance policy addressing uninsured motorist coverage defines a "covered automobile" as "a highway vehicle while being operated by you
which is neither owned by you or any relative, nor furnished or available for the regular use of you or any relative." (Emphasis in original.) Section VI of the policy defines "you" as "the person or persons named in the Declarations of this policy as named insured and the spouse of such person or persons if a resident of the same household." The named insured on this policy is Luz Helena Perez. Thus, if Luz Helena Perez were operating the vehicle involved in the accident, she would not be protected by uninsured and underinsured coverage since the vehicle was owned by her daughter. By the terms of the policy, this limitation on uninsured and underinsured coverage does not apply to the plaintiff because the term "you" does not include a resident relative under the policy.
Accordingly, since the policy does not contain a provision excluding resident relatives operating owned vehicles from CT Page 7707 uninsured and underinsured coverage, the defendant's motion for summary judgment is denied.
MARTIN, J.