[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
INTRODUCTION
The amended complaint in this case seeks underinsured motorist benefits under a policy ("policy") issued by the defendant to the plaintiff's in-laws (the "Lawrences"). The accident from which this case arises is alleged to have occurred on December 31, 1996, when it is alleged that the plaintiff and his wife resided with the Lawrences. The accident allegedly involved a vehicle ("Bronco") owned by the plaintiff's wife and driven by the plaintiff as well as another vehicle driven by a third party ("tortfeasor"). The plaintiff alleges he has been paid by the tortfeasor's liability carrier to the extent of the tortfeasor's liability coverage.
The defendant has moved for summary judgment on the ground that the CT Page 2378 policy does not provide coverage for the plaintiff. In support of its motion, the defendant relies on the following provisions in the policy:
 "`Relative' means one who regularly lives in your household and who is related to you by blood, marriage . . ."
and
"This coverage (underinsured motorist) does not apply to
 "8. A relative who owns, or whose spouse owns, a motor vehicle which is not insured for Auto Liability coverage under this policy."
and
 "We will pay for damages for which you are legally liable as a result of an accident arising out of the:
a) ownership;
b) maintenance or use; or
c) loading or unloading;
 of your auto. A relative also has this protection. So does any person or organization who is liable for the use of your auto while used with your permission."
DISCUSSION
The plaintiff argues that:
 1) He is an insured under the liability coverage of the policy so that, under MIDDLESEX INS. CO. v. QUINN, 225 Conn. 257 (1993), he is an insured under the underinsured motorist coverage of the policy; and,
 2) If the exclusion from the underinsured motorist coverage of the policy which is quoted above excludes him from insured status, that exclusion violates public policy and should be voided by the court.
CT Page 2379Liability Insureds
Although Middlesex says that the legislature intended underinsured motorist coverage to extend to every person provided liability coverage,Middlesex does not extend liability coverage to persons who are not defined as liability insureds in a policy. Under the quoted excerpt from the policy's liability coverage, the plaintiff is a liability insured only when he drives the Lawrence's car, and he clearly is not a liability insured when he drives a vehicle that does not belong to the Lawrences. Since he was not a liability insured when he was driving his wife's car and the accident occurred, he was not an underinsured motorist insured at that time.
Public Policy
The type of limitation of liability coverage and the type of exclusion from underinsured motorist coverage which are contained in the policy do not offend any public policy which has been articulated by the legislature or our courts.
CONCLUSION
The defendant's motion for summary judgment is granted.
G. Levine, Judge