[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#126)
This is a personal injury lawsuit arising out of a chain reaction motor vehicle accident. The plaintiffs, Allis Correa, Efrain Correa, Jr., Jessica Martinez and Victor Rodriguez, allege that they were injured on September 20, 1999 while in a Nissan automobile owned and operated by Allis Correa. The accident occurred when a vehicle driven by defendant Jose Ramos and owned by defendant Angel Aviles collided with a vehicle owned and operated by defendant Charles Ragozine which, in turn, struck, the plaintiffs' vehicle. The ninth count of the complaint asserts that defendant American International Pacific Insurance Company (hereinafter "American International") is liable for the plaintiffs' injuries based on the uninsured motorist provisions of an insurance policy issued to Roberto Perez. The record indicates that the Nissan vehicle owned and operated by Allis Correa as well as the vehicle operated by Jose Ramos were both uninsured. The record further reflects that Allis Correa and Efrain Correa, Jr. claim to be step-children of Roberto Ramos.
American International has moved for summary judgment in its favor as to the ninth count. At oral argument, counsel for Jessica Martinez and Victor Rodriguez did not object to summary judgment entering against them. In addition, counsel for American International did not object to summary judgment being denied as to Efrain Correa. As to Allis Correa, the parties disagree as to whether the insurance policy provides uninsured motorist coverage for her. For the reasons set forth below, the motion for summary judgment as to Allis Correa must be granted.
 DISCUSSION
The insurance policy issued by American International to Roberto Perez defines the term "insured" in the Liability section of the policy as follows:
 "`Insured' as used in this Part means: you or any `family member' for the ownership maintenance or use of any auto. . . . "[1]
In the policy's Uninsured Motorists Coverage section, "insured" is defined as follows:
 "`Insured' as used in this Part means: you or any `family member' . . ."
CT Page 12265
The policy also contains the following exclusion:
 "We do not provide Uninsured Motorists Coverage for `bodily injury' sustained: by an `insured' while `occupying' . . . any motor vehicle owned by that `insured' which is not insured for this coverage under this policy . . ."
American International asserts that Allis Correa was driving her own uninsured vehicle at the time of the accident and, accordingly, the exclusion recited above precludes uninsured motorists coverage for her. In support of this position, American International relies on MiddlesexInsurance Co. v. Ouinn, 225 Conn. 257 (1993). Allis Correa does not dispute that she was operating her own uninsured vehicle, but argues that she is nevertheless covered by the policy for uninsured motorist benefits. Allis Correa relies on Harvey v. Travelers Indemnity Co.,188 Conn. 245 (1982).
In Harvey v. Travelers Indemnity, supra, the plaintiff was injured while operating his father's uninsured motorcycle. The plaintiff sought payment under the uninsured motorist provisions of the policy issued by the defendant to his mother insuring a vehicle owned by her. As a relative, the plaintiff was insured under this policy. The defendant denied coverage based on an exclusion that provided: "This policy does not apply . . . to bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured or a relative . . ." Id., 246. Our Supreme Court ruled that the exclusion was not enforceable concluding: "The public policy embodied in General Statutes § 38-175c directs that uninsured motorist coverage be provided to insureds when they are not occupants of insured vehicles as well as when they are. Id. The Supreme Court further stated that such coverage is portable and insured persons are covered no matter where they are injured, including in an owned vehicle not named in the policy. Id., 250.
In Middlesex Ins. Co. v. Quinn, supra, the defendant while driving a car he owned was injured in a collision. After recovering the full amount from the tortfeasor's liability insurance policy, the defendant sought recovery under the underinsured motorist provisions of his father's insurance policy. Id., 259. Middlesex Insurance Co. denied coverage on the basis of the policy language that excluded from the definition of an insured a family member who owned a car. Id., 259-60 n. 3, 262. Our Supreme Court held that the policy language that excluded from all coverage family members who owned automobiles was not against public policy. Id. 364-65. CT Page 12266
The Quinn opinion explicitly stated that its conclusion was consistent with Harvey because unlike Harvey the policy did not restrict the underinsured motorist benefits of an insured but rather excluded the defendant from policy coverage altogether. Id. 265.
In the present case, the rationale of Harvey would support an argument that the exclusion in the American International policy should not be enforced. The legislature, however, has resolved any tension betweenQinn and Harvey with the enactment of General Statutes § 38a-336. That statute, as relevant here provides:
 "No insurer shall be required to provide uninsured or underinsured motorist coverage to . . . (B) any insured occupying an uninsured . . . motor vehicle . . . that is owned by such insured."
Section 38a-336 (a)(1)(B). This provision of the statute was added after Harvey was decided. See Public Act 85-7. Based on this statute, the exclusion that precluded uninsured motorist coverage to Allis Correa while occupying her own uninsured car is enforceable. Accordingly, summary judgment in favor of American International must be granted.
 CONCLUSION
For the reasons set forth above, the motion for summary judgment on the ninth count only is granted as to Jessica Martinez, Victor Rodriguez and Allis Correa, and denied as to Efrain Correa.
So Ordered at New Haven, Connecticut this 17th day of August, 2001.
Devlin, J.