[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Kristine Lemire, brings this action against the defendant, her employer's automobile insurance cater, Transcontinental Insurance Company, alleging breach of contract for failure to pay benefits under the under insured motorist provision of the policy arising from an accident in which plaintiff was driving her own vehicle in the course of employment. The defendant moves for summary judgment on the ground that its insurance policy only provides under insured motorist coverage for vehicles owned by the employer and, therefore, the plaintiff is limited to the under insured motorist protection provided by her personal automobile insurance carrier.
 -I-
Our Supreme Court has interpreted General Statutes § 38a-336 as requiring an insurer to provide uninsured/under insured motorist coverage to anyone insured under its automobile liability policy. Middlesex Ins.Co. v. Quinn, 225 Conn. 257, 264, 622 A.2d 572 (1993). Uninsured motorist coverage is "person oriented' and therefore must be provided to insureds while they are occupants of insured vehicles or uninsured vehicles. Smithv. Nationwide Mutual Ins. Co., 214 Conn. 734, 738-39, (1990); see alsoLoika v. Aetna Casualty Surety Co., 44 Conn. Sup. 59, 66. 667 A.2d 1308
(1995). Any limitation contained in the policy in this case would appear to be in violation of public policy since it acts "to preclude persons who would otherwise qualify as insureds for liability purposes."Middlesex Insurance Co. v. Quinn, supra, 225 Conn. 265. Since the plaintiff was an insured under the liability section of her employer's policy she is entitled to uninsured/under insured coverage from the defendant.
 -II-
Additionally, there is a genuine issue of material fact as to whether the parties including the plaintiff, knew of or elected lower uninsured/under insured coverage under the policy. General Statutes § 38a-336 (a)(2) requires that all insureds under a policy must request in writing lower uninsured/under insured limits. See Franz v.United States Fleet Leasing, Inc., Superior Court, judicial district of New London at New London, Docket No. 532035 (March 5, 1997, Hendel, J.). "[T]he legislature intended that there be absolute parity between liability coverage limits and UM coverage limits . . . and that any reductions in UM coverage would require a request for a lesser amount to be made . . ." Travelers Indemnity Co. v. Malec, 215 Conn. 399, 405, (1990). Since neither party has submitted any evidence on this point, there is a question of material fact, which would alternatively, preclude the disposition of this action by summary judgment. CT Page 3915
Motion for summary judgment denied.
Wagner J., TJR