[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT (#115)
CT Page 4672
The parties appear to agree, correctly, that if Connecticut law applies Lancer is not liable. Uninsured/underinsured motorist coverage must be provided to insured persons, and under Connecticut law a passenger in a vehicle driven by an unauthorized driver is not an insured under the policy; further, this disqualification does not offend public policy. See, e.g., Middlesex Mutual Insurance Co. v. Quinn, 225 Conn. 257,264-267 (1993); Aetna Life Casualty Co. v. Bulaong, 218 Conn. 51, 60
(1992). There are no facts in dispute regarding the application of the substantial contacts test: the contract was made in Connecticut and all the parties to the agreement, as well as all of the parties involved in this action, were Connecticut residents. The single car accident occurred in New York, but the place of the accident is not of dominant importance in determining the state with the most significant contacts for the purpose of determining the proper choice of law regarding coverage issues. See, e.g., O'Connor v. O'Connor, 201 Conn. 632 (1986). I find that Connecticut clearly has the greater interest in determining the issue of who is an insured. Even though New York law appears to grant insured status to an "innocent" third party in circumstances similar to this case, Connecticut law clearly does not. Pedevillano v. Bryon,231 Conn. 265 (1994).
The plaintiff argues that the "out-of state coverage" clause creates coverage in New York. That clause of the Lancer policy is fairly standard in the industry and provides that Lancer will provide those minimum amounts and types of coverages required by other jurisdictions when the covered automobile is being used in those jurisdictions. The difficulty with this position is that Lancer is not claiming that any particular sort of coverage is excluded; rather, Lancer is claiming that no coverage at all is provided to the plaintiff in the circumstances of this case, no matter where the car is driven. See Middlesex Mutual, supra.
Summary judgment may be entered in favor of the defendant Lancer Insurance Company.
Beach, J.