MIDDLESEX INSURANCE COMPANY *v.* THOMAS RADY, ADMINISTRATOR (ESTATE OF AUDREY RADY) (11941)

DUPONT, C. J., LAVERY and SCHALLER, Js.

Argued December 10, 1993—decision released June 3, 1994

*Dan E. LaBelle,* for the appellant (plaintiff).

*Frederick M. Vollono,* for the appellee (defendant).

SCHALLER, J. The sole issue reserved for our advice in this case is whether public policy precludes an automobile insurer from excluding from uninsured motor

ist coverage a resident family member who owns a vehicle. Following an arbitration award favoring the defendant, the plaintiff insurance company filed an application in Superior Court to vacate the award. By agreement, the parties reserved the question for the advice of this court pursuant to Practice Book § 4146 et seq. We answer the reserved question in the negative.

The parties stipulated to the relevant facts. On May 19, 1986, Audrey Rady was killed in an automobile accident while riding as a passenger in a vehicle owned by a friend. At the time of the accident, the decedent owned a car and was insured under a policy with Royal Insurance Company. She lived with her parents, Thomas and Dolores Rady, in their home. Thomas Rady owned two vehicles, both of which were insured under policies with Middlesex Insurance Company (Middlesex). These policies provided for uninsured-underinsured motorist coverage in the amount of $500,000 for each car. Thomas Rady, administrator of Audrey Rady's estate, is attempting to collect damages under these policies.

I

A

The defendant contends that the language in the Middlesex policy that excludes from coverage resident relatives who own vehicles conflicts with public policy and, therefore, is invalid.[1] General Statutes § 38a-336 (a) (1) provides in pertinent part, "[e]ach automobile liability insurance policy shall provide insurance, herein called uninsured motorist coverage . . . for the protection of persons insured thereunder . . . ." The defendant

[1] The policy language at issue is contained in the "definitions" section of the Middlesex policy, and reads: "You, your, yourself also means a member of the family who is a resident of the household and who doesn't own a car or whose spouse doesn't own a car."

bases its argument on this language. Our Supreme Court has stated that the phrase "persons insured thereunder" refers to those persons listed in the liability section of the insurance policy. *Middlesex Ins. Co. v. Quinn,* 225 Conn. 257, 264, 622 A.2d 572 (1993). The court in *Quinn* indicated that an insurance policy would violate public policy only if that policy denied uninsured motorist coverage to a person who would "otherwise qualify as [an insured] for liability purposes." Id., 264–65.

The Middlesex policy describes "persons insured thereunder" as the person named on the declarations page of the policy (Thomas Rady), that person's husband or wife (Dolores Rady) if a resident of the same household, and a family member who resides in the household who does not own a car or whose spouse does not own a car. A plain reading of this policy language indicates that Audrey Rady, a resident relative who owns a car, is not a person insured under the Middlesex policy. Therefore, the policy does not conflict with public policy because it does not deny uninsured motorist coverage to a person who is otherwise insured under the policy.

Our Supreme Court has twice rejected contentions similar to those of the defendant. *Middlesex Ins. Co. v. Castellano,* 225 Conn. 339, 623 A.2d 55, (1993); *Middlesex Ins. Co.* v. *Quinn,* supra, 225 Conn. 257. In *Quinn,* the defendant was in an automobile accident while driving his vehicle. The defendant attempted to recover damages under a Middlesex policy issued to his father that contained language identical to that of the policy in this case. The defendant contended that the insurance policy conflicted with public policy by excluding from coverage a resident relative who owned a car. The Supreme Court rejected this argument and held that the policy language did not violate public policy. *Middlesex Ins. Co.* v. *Quinn,* supra, 257. In *Castellano*

the defendant was injured while a passenger on a motorcycle struck by a vehicle that left the scene. After exhausting his own insurance, the defendant attempted to recover under the Middlesex insurance policies of his sister and father, but was denied coverage because he owned a vehicle and, thus, was not a named insured under the policy. Our Supreme Court, citing *Quinn,* rejected the defendant's contention that the Middlesex policy contravened public policy. *Middlesex* v. *Castellano,* supra, 340.

## B

The defendant argues that the present case is distinguishable from *Quinn* and *Castellano.* We do not, however, find this argument compelling. The defendant contends that the policy at issue here, as well as the claim itself, came into being after the enactment of No. 85-13 of the 1985 Public Acts (now codified as General Statutes § 38a-335 [d]). The automobile accidents from which the claims arise in both *Quinn* and *Castellano* preceded that statute. The pertinent portion of that act provides that "[w]ith respect to the insured motor vehicle, the coverage afforded under the bodily injury liability and property damage liability provisions in any such policy shall apply to the named insured and relatives residing in his household unless any such person is specifically excluded by endorsement." The defendant contends that this statute invalidated the language in the Middlesex insurance policy.

" 'When language used in a statute is clear and unambiguous, its meaning is not subject to modification or construction.' *Cilley* v. *Lamphere,* 206 Conn. 6, 9–10, 535 A.2d 1305 (1988). Absent ambiguity, the courts cannot read into statutes, by construction, provisions that are not clearly stated. *Hayes* v. *Smith,* 194 Conn. 52, 58, 480 A.2d 425 (1984)." *Battersby* v. *Battersby,* 218 Conn. 467, 470, 590 A.2d 427 (1991). The language

of Public Acts 1985, No. 85-13, is clear and unambiguous, and begins with the reference: "With respect to the insured motor vehicle . . . ." Thus, the provisions of that statute relate solely to the insured vehicle. The statute does not purport to declare what persons must be insured for other purposes under an insurance policy, only that, for purposes of the insured motor vehicle, resident relatives must be covered.

This act does not make Audrey Rady a person who would "otherwise qualify as [an insured] for liability purposes." Excluding her from coverage, therefore, does not contravene public policy. *Middlesex Ins. Co.* v. *Quinn*, supra, 264–65. If the policy excluded from coverage a resident relative who was operating an insured vehicle, a public policy issue would be raised. The present case does not involve any vehicle insured under the Middlesex policy and, therefore, is not affected by No. 85-13 of the 1985 Public Acts.[2]

## II

The defendant's final three arguments are equally unpersuasive. The first is that the clause in the Middlesex policy that excludes resident relatives who own vehicles from coverage is an "other insurance" clause, prohibited by *Pecker* v. *Aetna Casualty & Surety Co.*, 171 Conn. 443, 370 A.2d 1006 (1976). In *Pecker*, the plaintiff was covered by two policies. Id., 445. The defendant attempted to limit the plaintiff's coverage

[2] The plaintiff further argues that the Supreme Court of Minnesota, when faced with a similar factual situation, held that the insurance policy language at issue violated Minnesota law in *Anderson* v. *Illinois Farmers Ins. Co.*, 269 N.W.2d 702 (Minn. 1978). The court determined in that case that an insurance policy that excludes from coverage resident relatives who own vehicles contravenes Minnesota law. Id. We find this argument unpersuasive. The Minnesota statute that requires insurance policies to cover resident relatives unless specifically excluded by endorsement differs, in a crucial aspect, from General Statutes § 38a-335 (d). The Supreme Court of Minnesota relied on this language in its decision, as well as on a complicated mesh of Minnesota law that will not be discussed here.

through an "other insurance" clause.[3] Our Supreme Court struck down the clause on the ground that a policy may limit liability only in accordance with the state regulations. Id., 450–51. The clause in the Middlesex policy is not an "other insurance" clause because such a clause assumes that the claimant is an insured under the policy. Because Audrey Rady was not an insured under the Middlesex policy, the clause does not limit her recovery. There was no coverage to limit.

The second argument is that the exclusion in the Middlesex policy acts as an antistacking clause, which the Supreme Court has declared invalid. There is no public policy favoring stacking. See, e.g., *Covenant Ins. Co.* v. *Coon,* 220 Conn. 30, 31 n.2, 594 A.2d 977 (1991); *Farm & City Ins. Co.* v. *Stevens,* 215 Conn. 157, 161–62, 574 A.2d 1300 (1990); *Allstate Ins. Co.* v. *Lenda,* 34 Conn. App. 444, 642 A.2d 22 (1994). The exclusion does not violate any so-called public policy favoring stacking.

The defendant's final argument is that the vehicle oriented coverage limitation is inconsistent with the personal and portable nature of uninsured motorist coverage. This argument also fails to recognize that the plaintiff is not an insured under the Middlesex policy. The uninsured motorist coverage in the Middlesex policy is, in fact, person oriented. It covers persons insured under the policy for injuries that they receive when involved in an accident with an uninsured motorist. Simply because the policy excludes a resident relative who owns a vehicle does not transform the coverage into vehicle oriented coverage.

---

[3] The other insurance clause in the Aetna policy stated in part, " '[I]f the Insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance . . . .' " *Pecker* v. *Aetna Casualty & Surety Co.,* supra, 171 Conn. 445.

We conclude that the present case is controlled by our Supreme Court's decisions in *Quinn* and *Castellano,* and that the intervening Public Act does not affect that result.

To the question in the reservation, we answer no.

No costs will be taxed to either party.

In this opinion the other judges concurred.