[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO VACATE
The issue in this case is whether the plaintiff, Anthony DiLeo, who was injured while operating a motorcycle which he owned and insured, is entitled to recover underinsured motorist benefits under a Prudential automobile insurance policy issued to his father, Philip DiLeo, with whom he lived.
After evaluating the full record, I conclude that Prudential's definition of an insured in the policy validly excludes the claimant from underinsured motorist coverage, that the arbitration award dated October 7, 1996, should be affirmed, and that the pending Application to Vacate the arbitration award should be denied.
FACTUAL BACKGROUND
The instant proceeding arises out of a May 2, 1992, collision between the plaintiff, Anthony DiLeo ("claimant"), who was operating a motorcycle, and April Hartmeister, who was operating an automobile. (Claimant's Application to Vacate Arbitrators' Award ¶ 1.) The material facts are not in dispute. "At the time of the accident, [the claimant] was insured by a Patriot General Insurance Company policy which provided $20,000 of uninsured motorist coverage; and by a Prudential policy which provided $25,000 of uninsured coverage." (Arbitration Award, p. 2 n. 2.) Hartmeister had an automobile insurance policy with State Farm Mutual Insurance Company which paid its policy limits of $100,000 to the claimant, thereby exhausting the available liability coverage. (Claimant's Application to Vacate Arbitrators' Award ¶¶ 2 and 3.)
The claimant now seeks to recover $1,500,000 in underinsured motorist benefits from the respondent, Prudential Property 
Casualty Insurance Company ("Prudential"). (Claimant's Brief.)[1] At the time of the accident, Prudential had issued an automobile insurance policy to Philip E. DiLeo, the father of CT Page 13901 the claimant, with whom the claimant resided. (Claimant's Application to Vacate Arbitrators' Award ¶¶ 6 and 7.) This policy, which listed the claimant on the declarations page as one of the five licensed drivers resident in the household, provided underinsured motorist coverage in the amount of $500,000 and insured three separately described motor vehicles making a total of $1,500,000 of underinsured motorist coverage potentially available.[2] (Arbitration Award, p. 2.)
The claimant's claim was submitted to three arbitrators, all of whom concurred in rejecting the claim. Two of the arbitrators concluded, in an October 7, 1996, arbitration award in favor of Prudential, that the claimant "was not an insured nor required to be an insured under either the liability or uninsured/underinsured motorist coverages of Respondent's policy." Id., p. 8. The third arbitrator, Michael C. Jainchill, filed a consenting opinion in favor of Prudential. He argued that the Supreme Court had wrongly decided the case of MiddlesexInsurance Co. v. Quinn, 225 Conn. 257 (1993), an important precedent in the area. While expressing his disagreement with the decision in that case, Mr. Jainchill acknowledged its controlling effect in this matter.
On November 15, 1996, the claimant filed an Application to Vacate the arbitrators' award, concluding that he was not covered by the underinsured motorist portion of his father's policy.
Presently before the court are Prudential's objection, set forth in its brief on April 4, 1997, requesting denial of the Application to Vacate, and the Application to Vacate itself. Prudential contends that the claimant "is not a covered person under the . . . policy issued to his father . . . [because the] policy provides liability and underinsured motorist coverage to resident relatives only when they occupy a non-owned car or a car insured under the policy at the time of loss . . . [and the claimant] was neither a named insured nor occupying a vehicle under the Prudential policy at the time of loss . . . ."
In his September 29, 1997 brief, the claimant contends that the arbitrators erred by concluding that (1) he was not an insured under the policy; (2) he was not entitled to underinsured motorist benefits despite his status as a resident relative; (3) he was not entitled to underinsured motorist benefits because of his location in a vehicle other than one of the vehicles named in the policy. (Claimant's Brief ¶¶ 22 (a)-(c).) The claimant CT Page 13902 further contends that the arbitrators misinterpreted the holding of several Connecticut insurance coverage decisions and statutes. Id., ¶ 22 (d).
DISCUSSION
Section 38a-336 (c) of the General Statutes provides in pertinent part that "[e]ach automobile liability insurance policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding." The Prudential policy which is the subject of this action provides: "If we and a covered person disagree on policy coverages or amounts payable, either party may make a written demand for arbitration. . . . A decision agreed to by two arbitrators will be binding." (Emphasis in original.) "Questions of law decided by arbitrators in compulsory arbitration proceedings pursuant to General Statutes § 38a-336 are subject to de novo review by the court. . . . [C]onstruction of a contract of insurance presents a question of law for the court which this court reviews de novo." (Citations omitted.) AetnaLife Casualty Co. v. Bulaong, 218 Conn. 51, 58, 588 A.2d 138
(1991).
Prudential argues that the claimant is not an insured under the terms of the insurance contract issued to his father, and therefore, he is not covered by the underinsured section of the policy. The Prudential policy issued to the claimant's father listed three vehicles, two Nissans and one Ford. (Prudential Automobile Insurance Policy Issued to Philip DiLeo, Declarations Page.) The motorcycle being operated by the claimant was not listed. Id.
Under Part 1, the liability section, the policy defines an insured as:
WHO IS INSURED (PART 1).
 IN YOUR CAR (INCLUDES A SUBSTITUTE CAR)
 You and a resident relative are insured while using your car or a substitute car covered under this part.
Other people are insured while using your car or CT Page 13903 a substitute car covered under this part if you
give them permission to use it. They must use the car in the way you intended.
 We insure a person or organization who may be held responsible for an insured's use of a car
this part covers.
 IN A NON-OWNED CAR
 You and a resident relative are insured while using a non-owned car. The owner must give permission to use it. It must be used in the way intended by the owner.
 LOSSES WE WILL NOT PAY FOR (PART 1)
 CARS OWNED BY HOUSEHOLD RESIDENTS
 We will not pay for bodily injury or property damage caused by anyone using a car
not insured under this part, owned by you or a household resident.
(Emphasis in original.) Under Part 5, entitled: "UNDERINSURED MOTORISTS," the definition of an insured is the same as in Part 1, except that the following sentence is omitted in the IN YOURCAR SECTION: "We insure a person or organization who may be held responsible for an insured's use of a car this part covers." (Emphasis in original.)
In the present case, the claimant, a resident relative,[3]
is not an insured as defined by the plain language of the liability or underinsured sections of the Prudential policy, because he was not using (1) a car[4] owned by either the named insured, Philip DiLeo, or a resident spouse;[5] (2) a substitute car;[6] or (3) a non-owned car.[7] Thus, the dispositive issue is whether Prudential's definition of an insured, which excludes the claimant, is valid.
Relying on Harvey v. Travelers Indemnity Co., 188 Conn. 245,250, 449 A.2d 157 (1982), the claimant contends that the policy's definition of an insured is invalid. According to the claimant, "the respondent's attempt to limit the coverage of a resident relative to only those instances when they are occupying a `car CT Page 13904 insured under the Prudential policy or a non-owned car' is an attempt to make the coverage `vehicle oriented' rather than `person oriented[.]'" (Claimant's Brief.) In Harvey, the court held that uninsured motorist coverage was "person oriented" and should be provided "to insureds when they are not occupants of insured vehicles as well as when they are."[8] (Emphasis added.) Harvey v. Travelers Indemnity Co., supra, 188 Conn. 248.
However, in Middlesex Insurance Co. v. Quinn, 225 Conn. 257,264-65, 622 A.2d 572 (1993), the court permitted a definition of an insured under the underinsured portion of the policy which limited the coverage available to resident relatives in certain situations.[9] The Quinn court held: "[T]he uninsured motorist statute does not require automobile insurance policies to provide underinsured motorist benefits to any particular class or group of insureds. . . . [T]he statute [General Statutes 38a-336 (a) (1)] requires that underinsured motorist coverage must be provided `for the protection of persons insured thereunder. . . .' `[P]ersons insured' in this statute refer to persons specified as insureds in the liability portion of the policy." Id., 264-65. The Quinn court further held that "[t]here would be no violation of public policy, therefore, unless the insurance policy specifically were to limit underinsured motorist coverage in such a way as to [preclude] persons who would otherwise qualify as insureds for liability purposes." (Internal quotation marks omitted.) Id., 265.
In the present case, as previously discussed, the claimant does not fall within the definition of a liability insured under his father's policy. In addition, the motorcycle being operated by the claimant was not listed on his father's policy. "[A]n insurer does not violate public policy by limiting liability coverage to particular vehicles." Middlesex Insurance Co. v.Quinn, supra, 225 Conn. 266-67. See also Smith v. NationwideMutual Insurance Co., 214 Conn. 734, 737, 573 A.2d 740 (1990).
As a result of the holding in Quinn, an insurer may exclude a motor vehicle owner who is a resident family member of the named insured from the liability portion of the policy, and therefore effectively exclude that individual from underinsured motorist coverage. Middlesex Insurance Co. v. Quinn, supra,225 Conn. 264-65. The present state of the controlling caselaw therefore leads me to conclude that Prudential's definition of an insured in Parts 1 and 5 of the policy validly excludes the claimant from underinsured motorist coverage. CT Page 13905
Relying on Prudential Property Casualty Insurance Co. v.Paolella, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 704089 (May 31, 1994, O'Neill, J.) (11 Conn. L. Rptr. 543), the claimant also contends that an exclusion in the Underinsured Motorists part of the policy is void. The exclusion provides: "We will not pay for bodily injury to any insured occupying a motor vehicle not insured under this part, owned by that insured." (Emphasis in original.) InPaolella, Judge O'Neill ruled that this exclusion in a Prudential automobile insurance policy was void. Prudential Property Casualty Insurance Co. v. Paolella, supra, 11 Conn. L. Rptr. 544.
Nevertheless, in the present case, the claimant does not fall within the definition of an insured under his father's policy. He therefore is not an "insured" excluded by that policy provision. Accordingly, the issue of whether the provision is void does not affect coverage here.
The claimant further argues that as a resident relative, not specifically excluded by endorsement, he is afforded coverage pursuant to General Statutes § 38a-335 (d).[10] The Prudential policy issued to the claimant's father listed three vehicles, two Nissans and one Ford, but did not list the claimant's motorcycle which was covered under separate policies issued directly to the claimant. Accordingly, the present case does not involve any vehicle insured under the Prudential policy. As a matter of law, Prudential is required to extend liability coverage to resident relatives only with respect to insured vehicles.[11] See Middlesex Insurance Co. v. Rady,34 Conn. App. 679, 683, 642 A.2d 1217, cert. denied, 231 Conn. 908,648 A.2d 154 (1994).
SUMMARY AND CONCLUSION
I concur with and affirm the arbitration award. For the reasons stated, the Application to Vacate is denied and the objection to the Application to Vacate is sustained. Mr. Jainchill's analysis and critique of Middlesex Insurance Co. v.Quinn is noted.
Douglas S. Lavine Judge, Superior Court