[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT INFINITY'S MOTION FOR SUMMARY JUDGMENT
The plaintiff Doreen Kaminski brought this action against the defendants per power of attorney for her minor son Lee Gargonia, who was injured in a motor vehicle accident. Gargonia was a passenger in a car driven by Sara Quadrato. On May 5, 1997, the Quadrato vehicle was hit by a car driven by the defendant Jacob Reed. While fleeing the scene of a previous accident in which he had been involved, Reed crossed over the center line of Route 63 in Middlebury and hit the Quadrato vehicle nearly head on, injuring Gargonia. CT Page 16487
The plaintiff has sued five defendants. The first defendant, not surprisingly, is Reed, who has not appeared in this action. The second defendant is Infinity Insurance Company, the company that was the insurer of the Reed vehicle. The third defendant is A-Action Insurance, the company that acted as the insurance agent for Infinity in insuring the Reed vehicle. The fourth is Alphonse DeLucia, who was the individual agent acting for Infinity in producing the insurance policy on the Reed vehicle. The fifth and sixth defendants are Helga Beaudion and Gayle DeMatteo, the grandmother and mother, respectively, of the defendant Jacob Reed.
Infinity, A-Action, and DeLucia have all moved for summary judgment, Infinity on February 8, 2000, and the A-Action and DeLucia on August 16, 2001. The Motion for Summary Judgment filed by A-Action and DeLucia was granted by the court (Scheinblum, J.) on September 26, 2001. Summary judgment was earlier granted for the defendant Beaudion, by agreement of the parties, on July 14, 2000.
The operative complaint in this matter is the Third Revised Complaint dated October 5, 2000. In it the plaintiff alleges that Infinity was negligent in issuing the insurance policy for the Reed vehicle and that Infinity's conduct constituted an unfair trade and an unfair insurance practice.
The undisputed facts are these. On April 25, 1997, Infinity received a written application for insurance from Reed, then aged 18, for a 1990 Ford Probe automobile. Reed listed himself and his grandmother Helga Beaudion under the section of the application entitled "Driver Information," which requires the listing of "all persons age 14 and older, licensed or not, who reside with the applicant. . . ." In that section, Reed listed himself as having "no license." Later in the application, Reed excluded himself as an insured driver of the car, under a section of the insurance policy application that reads as follows:
 In consideration of your premium payment, it is agreed that, with respect to the insurance afforded under this policy, or any continuation, renewal or replacement of the policy by you, or the reinstatement of this policy within 30 days of any lapse thereof, we shall not be liable for loss, damage, and/or liability caused while your insured car is being driven or operated by the following named person: Jacob Reed.
Infinity issued a lawful policy of insurance for the car, excluding Reed as an insured driver. CT Page 16488
In her complaint, the plaintiff alleges that Infinity instructed and encouraged Reed to apply for insurance on the car in this way, thus enabling Reed to "unlawfully operate a vehicle which the defendant Infinity knew or should have known the defendant Reed owned." Third Revised Complaint, Second Count, ¶ 27. The plaintiff alleges that this conduct constitutes an unfair trade practice, Second Count; an unfair insurance practice, Third Count; and negligence which proximately caused the injuries of the plaintiff, Fourth Count.
The defendant Infinity moves for summary judgment. Infinity claims that the statutes and regulations governing automobile insurance require an owner to insure a car that may be driven, and also permit the exclusion of specified persons as insured drivers. See, Conn. Gen. Stat. §38a-335 (d) and Conn. Regs. § 38a-334-5 (c)(8). As a matter of law, Infinity argues, the conduct engaged in here of providing such insurance cannot constitute an unlawful practice, no matter what Infinity"should have known" about the likelihood that Reed would drive the car.
The court notes at the outset that the Third Count, alleging an unfair insurance practice, fails to state a cause of action, since there is no private right of action under the Connecticut Unfair Insurance Practices Act (CUIPA), Conn. Gen. Stat. § 38a-815 et seq. Nothing in the statute entitles one to maintain an action pursuant to that statute. Although the appellate courts have not spoken definitively on this issue, most of the recent Superior Court opinions addressing the subject hold that there is no such right. See, e.g. Perrelli v. StrathmoreFarms, No. 428988 Conn. Super. Ct., J.D. of New Haven,2000 Ct. Sup. 3499, March 2, 2000 (Levin, J.); Delpier v. CIRMA, No. 0164366, Conn. Super. Ct., J.D. of Waterbury, November 28, 2001 (Pittman, J.).
In considering a motion for summary judgment, although the party seeking summary judgment has the burden of showing the nonexistence of any material fact,
 "a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence
disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of such a dispute issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted; emphasis supplied.) CT Page 16489
Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15
(1998).
In this case, the plaintiff in her supporting papers has failed to present any evidence that Infinity "instructed or encouraged" Reed to exclude himself as a driver or that Infinity did so with knowledge that this "enabled" Reed to operate the car unlawfully. Although the plaintiff has presented portions of the deposition transcript of Helga Beaudion, in which she says that she was unaware that she had been listed as an insured driver on Reed's policy, that fact is immaterial to a determination of whether Infinity had any knowledge about who would be driving.
Also missing is any support for the proposition that Infinity owed any duty to anyone to inquire about who the actual drivers of the car would be. Infinity, who was entering into a contract with Reed, would appear to have a duty only to Reed, provided Infinity's conduct did not otherwise contravene the insurance code. The plaintiff cites no authority that would permit the court to find that Infinity owed a duty to anyone else, such as to the plaintiff. And of what would such a duty consist? Unless a statute or regulation in the heavily regulated industry of insurance compels an insurer to contact and obtain statements from all listed drivers on an insurance policy, or ultimately decline to grant coverage without such an investigation, this court cannot find that there is some sort of common law duty to do so.
Finally, with respect to the negligence count, the plaintiff has failed to offer any evidence to support the proposition that the conduct of Infinity in providing the policy of insurance on the car created the causal link that "enabled" Reed to drive the car negligently, or indeed to drive the car at all, and eventually cause injury to the plaintiff. On the fateful day of the accident, Reed got behind the wheel of the car without having a valid driver's license. One cannot reasonably draw an inference that "but for" Infinity's insurance policy, Reed would not have caused the accident. The case of Doe v. Manheimer, 212 Conn. 748 (1988), dispels the notion that every unfortunate circumstance surrounding a personal injury is a causal factor in producing the injury.
The evidence of knowledge, duty, and proximate cause, all missing, compel the court to grant the defendant's Motion for Summary Judgment. Moreover, the court notes that Infinity's primary argument — that it cannot be held liable merely for doing that which the statutes and the insurance regulations permit — is well taken. See, e.g., Colonial PennInsurance Co. v. Patriot General Insurance Co., 1998 Ct. Sup. 7750, 22
Conn.L.Rptr. 355 (1998), in which Judge Moran held that an insurer was CT Page 16490 entitled by virtue of a "named driver exclusion endorsement" to exclude from coverage the owner of the named vehicle in the policy, despite the coverage mandates of § 38a-371 of the General Statutes. Therefore even if there was evidence to support the conduct alleged by the plaintiff, such conduct does not, as a matter of law, constitute an unfair trade practice under the Second Count or negligence under the Fourth Count.
The Motion for Summary Judgment of the defendant Infinity Insurance Company is granted.
Patty Jenkins Pittman, Judge